1

2

3

4                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
5                                      AT TACOMA

6    MARCO GARNICA,

7                 Plaintiff,                          CASE NO. C12-5544 RJB-KLS

8          v.                                         ORDER DENYING MOTIONS FOR
                                                      COUNSEL
9    WASHINGTON DEPARTMENT OF
     CORRECTIONS, ELDON VAIL,
10   RONALD FRAKER, BRENT CARNEY,
     JAY A JACKSON, JAMIE CALLEY,
11
                  Defendants.
12

13         Before the Court are Plaintiff's Motions for Appointment of Counsel.  ECF Nos. 8 and

14   12.  Having carefully considered the motions and balance of the record, the Court finds that the

15   motions should be denied.

16                                        **DISCUSSION**

17         No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

18   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

19   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

20   discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

21   appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

22   U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

23   *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

24   circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

1   the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

2   issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

3   *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

4   has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

5   articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

6   1101, 1103 (9th Cir. 2004).   That a *pro se* litigant may be better served with the assistance of

7   counsel is not the test. *Rand*, 113 F.3d at 1525.

8        Plaintiff, Marco Garnica, filed this *pro se* civil rights action against the Defendants in

9   Thurston County Superior Court and the action was removed to this Court by Defendant

10  Washington Department of Corrections.  ECF No. 1.  In his complaint, Plaintiff alleges that he

11  was given meals that were calorically inadequate during his observance of Ramadan in 2010.  *Id.*

12  In his first motion for counsel, Plaintiff states that he is unable to afford counsel, that the issues

13  in this case are complex, that he has limited knowledge of the law and a seventh grade education,

14  and that his confinement will limit his ability to perform discovery.  ECF No. 10.  In his second

15  motion for counsel, Plaintiff states that he has been placed in administrative segregation, where a

16  court imposed deadline is necessary to get his legal papers.  He also states that he needs

17  assistance in conducting discovery.  ECF No. 12.

18       These are not exceptional circumstances.  Plaintiff filed his complaint *pro se* and has

19  demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this

20  Court.  Moreover, the need for discovery does not necessarily qualify the issues involved as

21  "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts

22  during litigation.  But, if all that was required to establish the complexity of the relevant issues

23  was a demonstration of the need for development of further facts, then practically all cases would

24  involve complex legal issues.  *Id.*

1       Based on Plaintiff's allegations, the Court notes that this is not a complex case involving

2 complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to

3 succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training,

4 he meets the threshold for a pro se litigant.  The pleadings on file in this case demonstrate that

5 Plaintiff is familiar with the court rules as well as the law pertaining to his claims.   As noted by

6 Defendants, in addition to the complaint and motions he filed in this case, Plaintiff is litigating

7 other cases in state court, including a tort matter.  ECF No. 15, p. 3 (citing *Garnica v. DOC*,

8 Clallam County Superior Cause Number 12-2-00104-1; *Garnica v. DOC, et. al.*, Thurston

9 County Superior Cause Number 12-2-00691-9).

10       Concerns regarding investigation, access to legal resources and examination of witnesses

11 are not exceptional factors, but are the type of difficulties encountered by many pro se litigants.

12 Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court

13 without counsel.

14       Accordingly, it is **ORDERED:**

15     (1)     Plaintiff's motions for counsel (ECF No. 8 and 12) are **DENIED.**

16     (2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

17     **Dated** this 17th day of September, 2012.

18

19                                         Karen L. Strombom

20                                         United States Magistrate Judge

21

22

23

24